PETRIE *v.* HATCH.

[No. 769A119. Filed December 23, 1969.]

*Ivan E. Bodensteiner,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth M. Mc-Dermott,* Deputy Attorney General, for appellee.

PER CURIAM—On September 26, 1969, the appellee, Ida Bell Hatch, filed a "Motion To Dismiss or in the Alternative To Affirm," in which motion the appellee moved this court to dismiss this appeal, or in the alternative to affirm the decision of the trial court, for the following reasons:

1. A petition to compel appellant's support of a child born out of wedlock was filed in the Allen Circuit Court on March 29, 1961. The cause was tried in that court on May 25, 1961, and that court entered a finding that the appellant was the father of plaintiff's child and ordered him to pay the sum of $10.00 per week for the child's care and maintenance.

2. Appellant was represented by an attorney at the afore-mentioned trial, and the appellant took no further action at that time, including petitioning the court for a new trial.

3. Seven years later contempt proceedings were initiated against the appellant for his total failure to make any payment for the support of his child during this same period.

4. In subsequent proceedings, the appellant herein was found to be in contempt of court as of July 15, 1968.

5. On July 22, 1968, appellant filed his motion for a new trial on the grounds of newly discovered evidence; and appellant's motion was subsequently overruled on April 3, 1969.

6. Appellant's sole assignment of error is the overruling of his motion for a new trial.

7. Appellant's motion for a new trial was not timely filed with the Allen Circuit Court pursuant to the provisions of Section 2-2403 and Section 2-2405, Burns Indiana Statutes Annotated (1968 Replacement).

8. The Allen Circuit Court is without jurisdiction to entertain a motion for a new trial since the statutory time for filing the motion had expired.

9. Appellant, therefore, has preserved no issue on which to base an appeal.

Section 2-2403, Burns Indiana Statutes, provides in part as follows:

"The application for a new trial may be made at any time within 30 days from the time when the verdict or decision is rendered: * * *"

Section 2-2405, Burns Indiana Statutes, provides in part as follows:

"Where causes for a new trial are discovered, after the term at which the verdict or decision was rendered, the application may be made by a complaint filed with the clerk, not later than the second term after the discovery, on which a summons shall issue, as on other complaints, requiring the adverse party to appear and answer. * * *"

On October 14, 1969, the appellant filed a brief in opposition to appellee's motion to dismiss or affirm. In this brief the appellant maintains that the trial court has jurisdiction of this cause of action; that courts of general jurisdiction have the power to enjoin the enforcement of judgments, to order judgments set aside, permit the filing of a motion for a new trial, and to grant a new trial. The appellant further maintains that the courts have the power to grant equitable relief

whenever by fraud, accident, mistake, or otherwise, an unfair advantage has been taken, and it against good conscience to allow the prevailing party to use this advantage. The appellant in support of his position states that the fundamental principal of our jurisprudence is that a final judgment shall forever put at rest the controversy involved in the litigation; however, *it must not rest upon fraud practiced upon the court, or misrepresentation.* The appellant further maintains that the newly discovered evidence is of a very material and decisive character, and as such will probably change the result of the original judgment; and that this newly discovered evidence is not evidence of which the appellant had knowledge, or should have had knowledge, until after the trial. The court has an inherent right and duty to grant a new trial so that the appellant will not be held responsible for that for which he was in no way responsible.

This court is of the opinion, after due consideration of the record, that appellant's motion for a new trial was not timely filed with the Allen Circuit Court pursuant to the provisions of Section 2-2403 and Section 2-2405, Burns Indiana Statutes Annotated (1968 Replacement) ; and that the Allen Circuit Court was without jurisdiction to entertain a motion for a new trial since the statutory time for filing the motion had expired.

It is further the opinion of this court that this appeal should be dismissed, costs to be assessed against the appellant.

NOTE.—Reported in 253 N. E. 2d 716.